UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LISA M. BERNING,

        Plaintiff,                                       Case No. 1:04-cv-392

vs.                                                   Weber, J.
                                                        Black, M.J.

THE CITY OF CINCINNATI, *et. al.*,

        Defendants.

**ORDER DENYING MOTION TO STAY DISCOVERY (Doc. 19)**

        This matter came before the Court upon its Order for a informal discovery dispute conference pursuant to S.D. Ohio Civ. R. 37.1.  A hearing was held, via telephone, on April 8, 2005, whereupon the parties were unable to informally resolve their discovery dispute.  Accordingly, the Court's decision is based on the formal pleadings (docs. 19-21) and the arguments of counsel on April 8, 2005.

        Plaintiff initiated this action against The City of Cincinnati and two individuals, Carole Callahan and Rodney Prince, alleging deprivation of civil rights, retaliation, discrimination, and defamation.  Defendants filed a motion to dismiss, alleging *inter alia*, that Ms. Callahan and Mr. Prince are entitled to qualified immunity.  Thereafter, on November 30, 2004, Defendants filed a motion to stay discovery pending the decision on the motion to dismiss.  (Doc. 19).

        When a plaintiff files a complaint against a public official, the trial court "must exercise its discretion so that officials are not subjected to unnecessary and burdensome discovery or trial proceedings."  *Crawford-El v. Britton,* 523 U.S. 574 (1998).  Ordinarily, the district court should resolve any immunity defense "before permitting discovery."  *Id.*  Accordingly, Defendants claim they are entitled to a stay of discovery pending the Court's ruling on their motion to dismiss based on qualified immunity.  *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985); *See also English v. Dyke*, 23 F.3d 1086, 1089 (6th Cir. 1994) ("While the issue [qualified immunity] is before the trial court . . . the trial court should stay discovery").

        However, as noted by Plaintiff, even if Mr. Prince and Ms. Callahan are entitled to qualified immunity, the City of Cincinnati could still be liable for the alleged misconduct.  Thus, this case will not end even if the Court finds that Mr. Prince and Ms. Callahan are

immune from personal liability as argued in their pending motion.  Furthermore, Mr. Prince's and Ms. Callahan's participation in discovery will likely be necessary even if the Court finds that they are immune from liability.

Plaintiff, therefore, maintains that a stay is inappropriate.  *See Lupo v. Voinovich,* 858 F.Supp. 699, 708 (S.D. Ohio 1994) *(*citing *Denton v. Twyford,* 142 F.R.D. 140 (S.D. Ohio 1992) (a stay of discovery may be inappropriate where the qualified immunity issue will not, even if decided in defendants' favor, require dismissal of the entire action nor eliminate the need to take discovery from persons who, even if they are immune from suit, are nonetheless witnesses whose testimony is essential to the issues remaining in the case).

Here, unlike in *English*, and other cases granting stays of discovery pending the decision on qualified immunity, even if the individual defendants were found immune, the case would not be dismissed in its entirely and would proceed against the City of Cincinnati.  Furthermore, Ms. Callahan and Mr. Prince shall likely be required to participate in discovery even if the Court determines that they are entitled to qualified immunity.

Accordingly, **IT IS HEREIN ORDERED THAT** Defendants' motion to stay discovery (doc. 19) is **DENIED.**

Nonetheless, to accommodate a manageable calendar for this case, **IT IS FURTHER ORDERED THAT** all deadlines are hereby extended by 60 days, *i.e.*:

- The discovery cut-off is extended July 27, 2005;
- The Joint Status Report shall be filed by August 6, 2005;
- All dispositive Pretrial Motions shall be filed by August 10, 2005;
- Counsel shall file their Proposed Joint Pretrial Order by October 5, 2005; and
- This case shall proceed to trial in the November 2005 trial term.

**IT IS SO ORDERED**.

Date:April 26, 2005                        s/ Timothy S. Black
                                                 Timothy S. Black
                                                 United States Magistrate Judge