UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LISA M. BERNING

      Plaintiff,

      v.                                      Case No. C-1-04-392

CITY OF CINCINNATI, et al.,

      Defendants.

## ORDER

This matter is before the Court upon defendants' motion to dismiss the complaint (doc. 13), defendants' motion to dismiss plaintiff's supplemental complaint (doc. 26), defendants' objection to the Magistrate Judge's Order (doc. 32), and defendants' motion to stay pending objection to the Magistrate Judge's Order (doc. 33).

### I. Background

On June 9, 2004, plaintiff Lisa M. Berning, a citizen of the State of Ohio and an employee of the City of Cincinnati, filed suit against defendants City of Cincinnati, Rodney Prince and Carole Callahan, alleging violations of both state and federal law. In the original complaint, plaintiff makes the allegations set forth in the following three paragraphs.

In June of 2002, plaintiff's superior, David Chapman, promoted her from the position of Human Resources Analyst to the position of Contract Compliance Officer. Chapman intended for that promotion to be permanent. Chapman's superiors, Callahan and Prince, informed Chapman that they were moving another employee to the position of Contract Compliance

1

Officer to avoid laying that employee off and as a result, plaintiff would be demoted back to her position of Human Resources Analyst. Prince and Callahan misled the Civil Service Commission, which approved the employment changes, by labeling the personnel change as a "transfer" rather than a "displacement". This exercise in semantics was necessary because the change would never have been approved by the Commission if it had been described as a displacement or a demotion.

After she had been displaced from her position of Contract Compliance Officer, plaintiff began working in the City's Human Resources Department as a Senior Human Resources Analyst under the supervision of Prince and Callahan. Shortly after she resumed her employment as Senior Human Resources Analyst, plaintiff began to complain to her colleagues and to Prince and Callahan that her recent demotion was in violation of the civil service rules. Not long after plaintiff made these accusations, defendants Prince and Callahan called plaintiff into a meeting where they indicated that they were concerned that she might have a problem with alcohol. Defendants Prince and Callahan concocted these allegations with a malicious purpose and in a wanton and reckless manner in retaliation for plaintiff's comments regarding the alleged civil service violations.

Defendants' decision to appoint another individual to the position of "Senior Human Resources Analyst" for the purpose of assuming plaintiff's responsibilities also violated the civil service rules. After that decision had been made, Prince and/or Callahan began changing plaintiff's duties and gave her routine, clerical work to perform. This reduction in plaintiff's job responsibilities diminished plaintiff's position in the Human Resources Department and adversely affected her potential for future pay increases and promotions. In addition, defendants

falsely informed other city employees that plaintiff had an alcohol problem and that her job duties had been changed because of the problem. Defendants have continued to remove responsibilities from plaintiff and to take other action against her in retaliation for her exercising her protected rights.

Plaintiff filed a supplemental complaint on March 23, 2005 (doc. 24). In the supplemental complaint, plaintiff adds the following factual allegations: On July 22, 2004, plaintiff interviewed for the position of Supervising Human Resources Analyst. She was the most senior Human Resources Analyst at that time and had the most experience performing the functions of that position. Prince interviewed two other individuals for the position. Plaintiff was more qualified for the position than the other two candidates based on her work experience in Human Resources and her overall job performance. Prince promoted one of the two other individuals to the position in retaliation for plaintiff's exercise of her protected rights and her filing of the complaint and because the City perceived her as disabled.

Defendant acknowledges that the only difference between the original complaint and the supplemental complaint is that the latter adds an allegation of retaliation based on defendants' failure to promote plaintiff to the position of Supervising Human Resources Analyst after July 2004. In their motion to dismiss the supplemental complaint, defendants have restated their arguments seeking dismissal of the original claims and have added arguments for dismissal of the new allegations in the supplemental pleading. Accordingly, the Court will deny the motion to dismiss the original complaint as moot and will address the motion to dismiss the supplemental complaint. Because plaintiff has not filed a response to the motion to dismiss the supplemental complaint, the Court will treat plaintiff's memorandum in opposition to the

3

original motion to dismiss as plaintiff's response to the motion to dismiss the supplemental complaint.

## II. Plaintiff's Claims

In her supplemental complaint, plaintiff asserts five causes of action against the defendants. In Count I, plaintiff seeks to recover for an alleged violation of 42 U.S.C. § 1983, claiming that her First Amendment right to freedom of speech was violated when defendants removed plaintiff from her duties as Senior Human Resources Analyst, spread the false rumor that she had an alcohol problem, and failed to promote her in retaliation for her protesting perceived violations of state civil service rules. In Count II, plaintiff alleges that the defendants acted under the color of state law by depriving her of her job position without due process in violation of the Due Process Clause of the Fourteenth Amendment. Count III alleges that defendants conspired to deprive plaintiff of her right to free speech under the First and Fourteenth Amendments. In Count IV, plaintiff claims that defendants defamed her by purposefully and maliciously publishing, to persons who had no privilege to know information about plaintiff's employment status or job duties, false statements that plaintiff had a drinking problem and was no longer performing her job duties because of this problem. Finally, in Count V, plaintiff asserts that defendants discriminated against her on account of a perceived disability in violation of the ADA by removing plaintiff from her responsibilities as Senior Human Resources Analyst due to an alleged alcohol problem and replacing her with a less qualified individual, and by failing to promote her.

### III.  Standard of Review

In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, a court must construe the complaint in the light most favorable to the non-moving party. ***Morgan v. Church's Fried Chicken,*** 829 F.2d 10, 12 (6th Cir. 1987).  For purposes of the motion, the reviewing court must accept every allegation as true.  ***Id.***  A court need not, however, accept as true legal conclusions or unwarranted factual inferences contained in the complaint. ***Id***.  A complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." ***Conley v. Gibson,*** 355 U.S. 41, 45-46 (1957).

Typically, courts consider only the allegations within the complaint when ruling on a motion to dismiss.  However, the Sixth Circuit has held that district courts may consider public records in deciding a motion to dismiss without converting the motion into one for summary judgment.  ***Kostrzewa v. City of Troy***, 347 F.3d 633, 644 (6th Cir. 2001); ***Nieman v. NLO, Inc.***, 108 F.3d 1546, 1554 (6th Cir. 1997).  Therefore, in deciding whether to grant defendants' motion, the Court will examine the allegations of the complaint and any relevant public records to determine if plaintiff will be unable to prove any set of facts to support her claims for relief.

The district court may also require the plaintiff to produce "specific, nonconclusory factual allegations of improper motive before discovery in cases in which the plaintiff must prove wrongful motive and in which the defendant raises the affirmative defense of qualified immunity." ***Goad v. Mitchell,*** 297 F.3d 497, 504 (6th Cir. 2002).  However, because a plaintiff should not have to allege more facts to survive a motion to dismiss than she would need to allege and support to survive summary judgment, the district court "must accept as specific,

nonconclusory allegations of fact those allegations that provide circumstantial evidence of improper intent." *Id.*

### IV. Opinion

#### A. Plaintiff has stated claims for violations of her constitutional rights

Defendants argue that plaintiff has failed to state a claim for relief under § 1983. Defendants also contend that plaintiff's supplemental claim for retaliation based on defendants' alleged failure to promote her in July 2004 is barred by the applicable ninety-day statute of limitations. Defendants assert that plaintiff has not alleged that the administrative prerequisites for her supplemental retaliation claim have been met and that it is apparent from the Right-to-Sue Letter on the claim, on which defendants were copied and on which a December 16, 2004 mailing date from the EEOC to plaintiff was noted, that plaintiff received the letter more than ninety days before the filing of the supplemental complaint on March 23, 2005.

It is not apparent from the complaint whether plaintiff's claim premised on the alleged denial of a promotion in July of 2004 is time-barred. Defendants acknowledge that the ninety-day period is measured from the date the complainant receives the Right-to-Sue Letter, and it is not clear from the record when plaintiff received the letter on this particular claim. Accordingly, the Court will allow plaintiff an opportunity to submit evidence relevant to the timeliness issue before making a determination as to whether the retaliation claim based on the July 2004 failure to promote is time-barred. The Court will consider whether plaintiff has stated a claim for relief as to the remaining § 1983 causes of action asserted in the supplemental complaint.

Defendants contend that plaintiff has failed to state a claim under the First Amendment because her speech did not relate to a matter of public concern and there was no injury which

would seriously affect a person of ordinary firmness from continuing to engage in that speech. A public employee who seeks to establish a First Amendment violation based on an adverse employment action against her must demonstrate that her speech was constitutionally protected and that such speech was a substantial or motivating factor in the adverse employment decision. ***Jackson v. Leighton,*** 168 F.3d 903, 909 (6th Cir. 1999)(citing ***Bd. of County Commissioners, Wabaunsee County, Kan. v. Umbehr,*** 518 U.S. 668, 675 (1996)). If the employee establishes a First Amendment violation, the government can avoid liability "by showing that it would have taken the same action even in the absence of the protected conduct." ***Id.***

It is not clear from the supplemental complaint whether plaintiff's speech was on a matter of public concern so as to be entitled to constitutional protection. Although this is a question of law for the Court (see ***Bonnell v. Lorenzo,*** 241 F.3d 800, 809-810 (6th Cir. 2001)), the determination hinges on facts that must be more fully developed before the Court can make an informed ruling on the issue. Moreover, it is not apparent from the allegations of the complaint that plaintiff will be unable to prove a sufficiently serious injury to support her First Amendment claim since it is not clear whether defendants altered or removed responsibilities from plaintiff or otherwise diminished her position, or whether defendants' actions affected plaintiff's potential to receive future pay increases and promotions. Thus, dismissal of plaintiff's First Amendment claim is not warranted.

As to plaintiff's due process claim, defendants maintain that it is clear from the public records they have submitted that plaintiff never lost her job or any of the benefits to which she was entitled as Senior Human Resources Analyst. Defendants allege that plaintiff's appointment to the position of Compliance Officer was only temporary. The records defendants have

submitted, however, are not necessarily determinative of plaintiff's due process claim. Plaintiff may be able to produce other evidence to establish that she had a property interest in her job position and that she was deprived of that property interest without due process of law as a result of defendants' actions. Thus, the Court cannot say that plaintiff has failed to state a claim for violation of her due process rights.

Defendants further contend that plaintiff has failed to show an official policy or custom that would support the imposition of liability on the City of Cincinnati as required under ***Monell v. Dept. of Social Services,*** 436 U.S. 658 (1978). It does not appear that plaintiff will be unable to prove the existence of an official policy or custom that resulted in the injury she alleges. Thus, dismissal of plaintiff's claims of constitutional violations by the City on this ground is not warranted.

### B. The conspiracy claim will be dismissed

Defendants contend that plaintiff's conspiracy claim must fail because plaintiff has not alleged a class-based animus in support of this claim. Plaintiff has not addressed her conspiracy claim in her opposing memorandum. Because plaintiff does not dispute that she has failed to state a claim for relief for conspiracy under § 1985, the Court will dismiss this claim.

### C. The Court will not dismiss plaintiff's claims on qualified immunity grounds

Defendants Prince and Callahan assert that they are entitled to qualified immunity on plaintiff's claims for constitutional violations because plaintiff has not shown a violation of a constitutional right. Defendants further assert that even if plaintiff has made such a showing, she has not pled sufficient facts to show that the specific constitutional right was clearly established or that these defendants acted unreasonably.

Government officials performing discretionary functions are generally immune from liability for civil damages so long as their actions do not violate clearly established statutory or constitutional rights of which a reasonable person would have known. ***Harlow v. Fitzgerald,*** 457 U.S. 800, 818 (1982). The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. ***Anderson v. Creighton,*** 483 U.S. 637, 640 (1987). That is, "in the light of pre-existing law the unlawfulness must be apparent." ***Id.*** "If officials of reasonable competence objectively could disagree on the law, immunity should be recognized." ***Cameron v. Seitz,*** 38 F.3d 264, 272 (6th Cir. 1994)(citing ***Mumford v. Zieba,*** 4 F.3d 429, 432 (6th Cir. 1993)). The burden is on the plaintiff to allege and prove that the defendant violated a clearly established right. See ***Tucker v. Callahan,*** 867 F.2d 909, 913-14 n.3 (6th Cir. 1989).

It does not appear from the allegations of the complaint and the records defendants have submitted that plaintiff will be unable to establish a violation of her clearly-established constitutional rights by defendants. Accordingly, the claims against the individual defendants are not subject to dismissal on qualified immunity grounds.

### D. Plaintiff has stated a claim under the ADA

Defendants allege that plaintiff has failed to establish a violation of the ADA because she has not pled that defendants perceived her as having a substantial limitation of a major life activity and she has not suffered an adverse job action as a result of defendants' alleged ADA violations.

The ADA prohibits an employer from discriminating against a "qualified individual with a disability" because of that individual's disability. 42 U.S.C. § 12112(a); ***McKay v. Toyota***

10

*Motor Mfg., U.S.A., Inc.*, 110 F.3d 369, 371 (6th Cir.1997). An individual is considered "disabled" under the ADA if she:

> (A) [has] a physical or mental impairment that substantially limits one or more of the major life activities of such individual;
> (B) [has] a record of such impairment; or
> (C) [is] regarded as having such an impairment.

42 U.S.C. § 12102(2).

A review of the complaint discloses that plaintiff has sufficiently pled that the City perceived her as disabled and that she suffered an adverse employment action on account of her perceived disability. It does not appear that plaintiff will be unable to prove any facts in support of the claim that would entitle her to relief. Thus, the ADA claim withstands the motion to dismiss.

### E. The Court will not exercise supplemental jurisdiction over the defamation claim

Defendants contend that plaintiff's defamation claim fails for lack of subject matter jurisdiction and that the claim is barred by the statute of limitations. The Court declines to exercise supplemental jurisdiction over the defamation claim pursuant to 28 U.S.C. § 1367(c) since the claim requires elements of proof that plaintiff's federal claims do not. The Court will therefore dismiss the defamation claim without prejudice.

V. Conclusion

In accordance with the foregoing, defendants' motion to dismiss the original complaint (doc. 13), defendants' objection to the Magistrate Judge's Order (doc. 32), and defendants' motion to stay pending objection to the Magistrate Judge's Order (doc. 33) are **DENIED** as moot. Defendants' motion to dismiss the supplemental complaint (doc. 26) is **GRANTED** as to plaintiff's conspiracy claim (Count III) and that claim is **DISMISSED.** The Court declines to exercise supplemental jurisdiction over the defamation claim, and that claim is **DISMISSED** without prejudice. The motion is **DENIED** as to plaintiff's remaining claims, with the exception of plaintiff's claim for retaliation based on defendants' alleged failure to promote her in July of 2004. Plaintiff shall have **twenty (20) days** from the date of this Order to submit evidence concerning the timeliness of that claim, and defendants shall have **twenty (20) days** from the date of plaintiff's filing of any supplementary materials to respond.

This case will proceed on the pending claims in accordance with the schedule established by the Court.

**IT IS SO ORDERED.**


                                      S/ Herman J. Weber
                                            HERMAN J. WEBER
                              SENIOR JUDGE, UNITED STATES DISTRICT COURT

J:\HJWA\04-392mtdcivrtsPUB.wpd